**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dagoberto RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

**No. 94–50404.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 1995 *.

Decided Aug. 21, 1995.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

Gerald E. Utti, Encinitas, CA, for defendant-appellant.

Gonzalo P. Curiel, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: THOMPSON, LEAVY and TROTT, Circuit Judges.

THOMPSON, Circuit Judge:

Dagoberto Rodriguez–Lopez (Rodriguez) appeals from his conviction and sentence for drug smuggling. He contends his conviction should be reversed because a statement he

R.App.P. 34(a); 9th Cir.R. 34–4.

made to Customs agents was admitted at trial in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also contends he should not have been sentenced to the mandatory minimum for his crime because of the recent enactment of 18 U.S.C. § 3553(f). We disagree with both contentions, and we affirm.

## I

Rodriguez was arrested at the Calexico, California port of entry when Customs agents found thirty-nine kilograms of cocaine hidden in the car he was driving. Rodriguez was apprised of his *Miranda* rights in Spanish by Customs Agent Richard Cramer. Rodriguez told Cramer that he understood his rights and he wanted to speak to a lawyer. According to Cramer's testimony at trial, Rodriguez then volunteered a statement about how he came to be driving that car across the border. Cramer testified that Rodriguez's statement was unsolicited and Cramer did not ask any questions after Rodriguez invoked his *Miranda* right to have counsel present. Cramer then related the substance of the statement to the jury. Rodriguez did not object nor did he take the stand in his own defense.

For Rodriguez to succeed in this court, he must persuade us that the district court's admission of the statement was a plain error affecting a substantial right. Fed.R.Crim.P. 52(b); *United States v. Olano,* — U.S. —, —, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). According to the Supreme Court, we should correct such an error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at —, 113 S.Ct. at 1779 (alteration in original), quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936).

■ In this case, we are not persuaded there has been any error at all, much less a plain one. On the record before us, Rodriguez volunteered his statement without police interrogation. He made his statement after he was apprised of his *Miranda* rights and after he said he understood those rights. Five justices of the Supreme Court have agreed a statement made under similar circumstances is admissible. *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983) (plurality opinion of Rehnquist, J.); *id.* at 1047, 103 S.Ct. at 2835–36 (Powell, J., concurring in the judgment). Our court has also held such a statement to be admissible. *United States v. Most,* 789 F.2d 1411, 1416–17 (9th Cir.1986). We hold, therefore, that Rodriguez has not carried his burden of showing the statement's admission was error.

## II

■ Rodriguez was sentenced to the statutory mandatory minimum of ten years imprisonment. The district court imposed this sentence on July 5, 1994.

On September 13, 1994, President Clinton signed into law the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, 108 Stat. 1796. Section 80001(a) of this Act provides a "safety valve" from the statutory mandatory minimum for defendants who meet five criteria. *See* Pub.L. No. 103–322, § 80001(a), 108 Stat. 1796, 1985–86 (1994) (codified at 18 U.S.C. § 3553(f)). The statute has an effective date: it applies "to all sentences imposed on or after the 10th day beginning after the date of enactment of this act." *See* Pub.L. No. 103–322, § 80001(c), 108 Stat. 1796, 1986 (1994) (codified at 18 U.S.C. § 3553 note (Effective Date of 1994 Amendments)). Rodriguez's sentence was imposed before the effective date of the Act. Therefore, he is not entitled to the "safety-valve" relief of 18 U.S.C. § 3553(f).

AFFIRMED.