

1996 Decisions

11-14-1996

# Santana v. United States

Precedential or Non-Precedential:

Docket 96-5276

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Santana v. United States" (1996). *1996 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

96-5276
_____


ERNESTO SANTANA

v.

UNITED STATES OF AMERICA

Ernesto Santana,

Appellant.



On Appeal from the United States District Court
For the District of New Jersey
D.C. Civ. No. 96-cv-00499



Submitted by the Clerk
for a certificate of appealability
pursuant to 28 U.S.C. § 2253(c)(1)
August 15, 1996

Before: BECKER, ALITO and MCKEE, Circuit Judges.
(Motions Panel A)

(Opinion Filed October 18, 1996)

                              Ernesto Santana, # 15992-050
                              Ray Brook FCI
                              P.O. Box 905
                              Ray Brook, N.Y.  12977

                              Appellant Pro Se

                              Kevin McNulty, Esquire
                              U.S. Attorney's Office
                              970 Broad Street
                              Newark, New Jersey  07101

                              Counsel for Appellee

```
                    ORDER AMENDING OPINION


          The opinion in the above case is amended as follows:

          In the penultimate paragraph of Section III, after the
parenthetical ("Congress . . . motion.") add a footnote signal,
and the footnote should read as follows:
               We note that 18 U.S.C. § 3553 was amended to
               add a "safety valve" provision that now
               allows a district court to impose a guideline
               sentence below the mandatory minimum if the
               defendant meets certain criteria.  The safety
               valve exception, 18 U.S.C. § 3553(f), was
               enacted as part of the Violent Crime Control
               and Law Enforcement Act of 1994, Pub.L. 103–
               322, 108 Stat. 1796.  This section provides
               no relief for petitioner, who pled guilty in
               1992, as it applies only to sentences imposed
               on or after September 23, 1994 and is not
               retroactive.  United States v. Torres, 1996
               WL 626446 (10th Cir. Oct. 30, 1996)(citing
               United States v. Rodriguez–Lopez, 63 F.3d
               892, 893 (9th Cir. 1995) and United States v.
               Lopez–Pineda, 55 F.3d 693, 697 n.3 (1st
               Cir.), cert. denied, 116 S.Ct. 259 (1995)).

          The last paragraph of Section III shall be connected to
the previous paragraph with an "And" making the "B" in because a
small character.  Then a new paragraph will read as follows:
               The Antiterrorism and Effective Death Penalty
               Act requires that a certificate of
               appealability be granted before an appeal of
               the denial of a § 2255 petition may proceed.
               28 U.S.C. § 2253(c)(1).  A certificate of
               appealability may issue only if "the
               applicant has made a substantial showing of
               the denial of a constitutional right."  28
               U.S.C. § 2253(c)(2).  The Supreme Court in
               Barefoot v. Estelle, 463 U.S. 880 (1983),
               stated that under an unamended § 2253 a
               certificate of probable cause should issue in
               a § 2254 case only if the applicant had made
               a "substantial showing of the denial of a
               federal right."  Id. at 893 n.4.  It is
               undecided whether Congress intended to change
               the standard, along with the name, for
               granting a certificate of appealability.  We
               note that in another part of the AEDPA
               regarding granting stays of execution, the
               drafters used "substantial showing of the
               denial of a federal right."  §2262(b)(3).  We
               further note that a writ of habeas corpus can
```

be granted if a person is held in violation of the Constitution (i.e. constitutional rights) or laws of the United States (i.e. federal rights). 28 U.S.C. §§ 2241, 2254, 2255. We need not determine whether the language of § 2253(c)(1) resulted from imperfect draftsmanship or from an intent to change the standard for granting a certificate of appealability because Santana's petition raises a constitutional claim, that of ineffective assistance of counsel. Since Santana has not made a substantial showing of the denial of a constitutional right, we deny the request for a certificate of appealability.

BY THE COURT:

/s/ Edward R. Becker
Edward R. Becker
                          Circuit Judge

Dated: November 14, 1996