105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bennie J. JAMES, Defendant-Appellant.
 No. 95-55775.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernie J. James appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction for conspiracy to possess and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.[2]
 
 A. Crack/Powder Cocaine Distinction
 
 3
 James first claims the distinction between "crack cocaine" and "powder cocaine" in 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1(c) violates the Equal Protection Clause.
 
 
 4
 James's equal protection claim is foreclosed by United States v. Dumas, 64 F.3d 1427, 1430-31 (9th Cir.), cert. denied, 116 S.Ct. 1341 (1996).
 
 
 5
 James next claims that the 100 to 1 drug equivalency ratio between "crack cocaine" and "powder cocaine" in 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1(c) violates his due process rights because both substances are essentially the same drug.
 
 
 6
 A person convicted of a crime "is eligible for ... whatever punishment is authorized by statute for his offense ... so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." Chapman v. United States, 500 U.S. 453, 465 (1991). "In this context ... an argument based on equal protection essentially duplicates and argument based on due process." Id. (citing Jones v. United States, 463 U.S. 354, 362 n. 10 (1983)).
 
 
 7
 This court has held on several occasions that the different penalties for crack and cocaine in § 841(b) have a rational basis. See United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992); United States v. Winrow, 951 F.2d 1069, 1071 (9th Cir.1991); United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989). Because Congress had a rational basis for its action, no violation of due process has occurred.
 
 B. Safety Valve
 
 8
 James contends that he is entitled to resentencing under the "safety valve" provision of 18 U.S.C. § 3553(f).
 
 
 9
 The "safety valve" provision applies "to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act [Sept. 13, 1994]." 18 U.S.C. § 3553 note (Effective Date of 1994 Amendments); see also United States v. Rodriguez-Lopez, 63 F.3d 892, 893 (9th Cir.1995). Because the district court sentenced James on September 30, 1991, James is not entitled to relief under the "safety-valve" provision. See Rodriguez-Lopez, 63 F.3d at 893.
 
 C. Remaining Claims
 
 10
 The remainder of James's claims were not presented to the district court. "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We have recognized certain narrow exceptions to the general rule against review on appeal of issues not raised below, if: (1) the defendant can demonstrate exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending due to a change in the law, or (3) the issue is purely legal and addressing it would not prejudice the opposing party. Id. at 558. "Further exception may be made when plain error has occurred and an injustice might otherwise result." Id. Because James's claims do not fall within any of the exceptions, we decline to address them for the first time on appeal. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 James's motion to file a late oversied reply brief and his motion to supplement the record are denied
 
 
 [2]
 The government contends that James's claims are barred because he failed to show cause and prejudice for his failure to raise them on direct appeal. Because James has not "violated some rule which required him to raise a claim or forfeit it, there was no procedural default, and the cause and prejudice standard does not apply." English v. United States, 42 F.3d 473, 477 (9th Cir.1994)