110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Edward Aldan MANALO, Defendant-Appellant.
 No. 95-10423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided March 25, 1997.
 
 Appeal for the United States District Court for the District of Guam, No. CR-94-00095A; Munson, George, and Unpingco, District Judges, Presiding.
 D.Guam,
 AFFIRMED.
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We consider appellant's arguments regarding his incriminating admissions, even though they were apparently not raised before the Appellate Division of the District Court of Guam, because appellee has not objected to review on the merits. Manalo's incriminating question to Officer Benavente was not involuntary. Manalo spoke immediately after hearing his Miranda rights, and Benavente was not interrogating him. Benavente did not overcome Manalo's free will. See United States v. Rodriguez-Lopez, 63 F.3d 892, 893 (9th Cir.1995). Manalo's alleged intoxication was irrelevant, because the statement was otherwise "the product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)); cf. United States v. Turner, 926 F.2d 883, 888 (9th Cir.1991) (defendant's statements are not involuntary solely because he had just been awakened).
 
 
 3
 Admission of Manalo's story to Officer Materne and others is also not error. Having expressed a desire for counsel, a suspect may not be further interrogated by the police until he has received counsel, "unless the accused himself initiates further communication, exchanges or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). That is what happened. Materne was not interrogating Manalo or coercing him, Pennsylvania v. Muniz, 496 U.S. 582, 591 (1990). Materne asked Manalo who he wanted as his lawyer, and whether he wanted a drink of water or to go to the bathroom. That was constitutionally permissible, United States v. Fouche, 776 F.2d 1398, 1405 (9th Cir.1985); Davis v. United States, 114 S.Ct. 2350, 2355 (1994). Manalo voluntarily initiated a substantive discussion of the crime with Materne and other officers.
 
 
 4
 As for alleged instructional errors, we affirm for the reasons stated by the Appellate Division in its well-reasoned opinion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3