116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Michael ANTONE, Defendant-Appellant.
 No. 96-16655.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the District of Arizona, Nos. CV-96-090071-JMR, CR-92-00812-01-JMR; John M. Roll, District Judge, Presiding.
 Before: NORRIS, LEAVY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Gary Michael Antone appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence for his guilty plea conviction to possession with intent to distribute over 100 kilograms of marijuana. We affirm.
 
 
 3
 Antone contends that he is entitled to a reduction in his sentence pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f). Antone's sentence, however, was imposed before the effective date of the "safety valve provision," and he is not entitled to retroactive relief. See United States v. RodriguezLopez, 63 F.3d 892, 893 (9th Cir.1995).
 
 
 4
 Antone further raises two additional issues concerning the safety valve. First, he contends that his attorney's failure to raise the safety valve issue was ineffective assistance of counsel. Antone was sentenced before the provision was enacted, therefore, it was not ineffective assistance when Antone's counsel failed to argue the application of a law that did not yet exist. Second, Antone contends that the district court's refusal to retroactively apply the safety valve provision violates his equal protection rights, because defendants sentenced prior to the effective date of this provision unfairly receive longer prison terms than defendants sentenced pursuant to the provision. While it is an equal protection violation to retroactively apply a law in some cases but not others without a rational basis for doing so, see Myers v. Ylst, 897 F.2d 417, 421 (9th Cir.1990), in this case there was no selective application of the safety valve provision, and no equal protection violation, id.
 
 
 5
 Finally, Antone also contends that he is entitled to a reduction for being a minor participant. Antone, however, was sentenced pursuant to a mandatory minimum sentence, which was greater than the applicable guideline range, and is therefore not eligible for a sentence reduction. See United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989). Accordingly, the district court is
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3