**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Phillip Medley BATES, Defendant—Appellant.**

No. 01–30199.

D.C. No. CR–99–60014–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Sept. 25, 2002.

---

478

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Phillip Bates appeals the district court's denial of his motions to suppress and to appoint counsel to investigate whether his attorneys had provided him ineffective assistance of counsel. We affirm.

I. *Denial of Motion to Suppress Evidence from the Backpack*

 Bates argues that the district court erred[1] in refusing to suppress the evidence from the backpack. We reject Bates' argument because the backpack was searched incident to Bates' arrest.

Bates' contention that he was stopped when the officer partially blocked the sidewalk with his car and asked Bates questions is unpersuasive. No Fourth Amendment seizure occurs when police approach individuals on the street and ask questions.[2] Bates has not shown that the ar-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** We review the district court's denial of a motion to suppress *de novo* and its factual findings for clear error. *United States v.*

*Summers,* 268 F.3d 683, 686 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1182, 152 L.Ed.2d 124 (2002).

**2.** *See Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ("Our cases make it clear that a seizure does not occur simply because a police officer ap-

resting officer used physical force or some other show of authority to restrain Bates' liberty and that a reasonable person would not have felt free to leave.[3]

■ At the time the officer placed Bates in handcuffs, the officer had probable cause to arrest Bates.[4] The officer recognized Bates' face from a flyer describing the murder suspect, Bates had an injury to his wrist consistent with a description the officer heard from Bates' mother, Bates was wearing some clothes that were consistent with the description on the flyer, and Bates had acted in a suspicious manner when the officer first drove past him walking down the street.

■ After placing Bates under arrest, the officer properly performed a search of Bates' backpack incident to the arrest. The search met both prongs of our test. First, the area searched must have been under the arrestee's immediate control at the time of the arrest.[5] Bates was wearing the backpack at the time of the arrest, and the officer testified that Bates could have reached his backpack even while it was on his back. Because items the arrestee was holding or areas within the arrestee's reach at the time of the arrest are under the arrestee's control,[6] the search incident to arrest was proper. Second, any events that occurred between the arrest and the search must not render the search unreasonable.[7] Here, neither the brief period of time between the arrest and the search nor the limited separation between Bates and the backpack when the officer conducted the search renders the search unreasonable.[8]

## II. Denial of Motion to Suppress the Statement

■ Bates argues that the district court erred[9] in refusing to suppress his pre-

---

proaches an individual and asks a few questions."); *Summers,* 268 F.3d at 686–87 (holding that no investigatory stop occurred when police partially blocked the suspect's car and asked several times for identification because suspect could still have left on foot); *United States v. Kim,* 25 F.3d 1426, 1430–31 (9th Cir.1994) (holding that no investigatory stop occurred when officers partially blocked the egress of the suspect's vehicle and asked for identification because the police car did not entirely block the suspect's vehicle).

3. *Bostick,* 501 U.S. at 434, 111 S.Ct. 2382; *see also Kim,* 25 F.3d at 1430 ("Absent indicia of force or aggression, a request for identification or information is not a seizure or investigatory stop .").

4. *See Bailey v. Newland,* 263 F.3d 1022, 1032 (9th Cir.2001) (holding in habeas proceeding that there was no unreasonable application of law in the determination that officer had probable cause to arrest suspect when officer recognized him as the person seen earlier driving a stolen vehicle), *cert. denied,* — U.S. ——, 122 S.Ct. 1556, 152 L.Ed.2d 479 (2002).

5. *United States v. Nohara,* 3 F.3d 1239, 1243 (9th Cir.1993) (holding that, after a suspect is arrested, the police can "make a 'search incident to arrest' of the area within the arrestee's immediate control to look for weapons or destructible evidence").

6. *E.g., United States v. Hudson,* 100 F.3d 1409, 1420 (9th Cir.1996) (holding that rifle case on the floor within arrestee's reach was under his control); *Nohara,* 3 F.3d at 1243 (holding that bag arrestee was holding when arrested was under his control).

7. *Nohara,* 3 F.3d at 1239.

8. *E.g., Hudson,* 100 F.3d at 1420 (holding that search of rifle case was reasonable after removing suspect from bedroom where case was located because search occurred three minutes after arrest); *Nohara,* 3 F.3d at 1243 (holding that fact that officers handcuffed suspect and seated him in hallway did not make search of bag unreasonable when it was conducted within two to three minutes of the arrest).

9. We review whether a suspect was subject to interrogation *de novo. United States v. Foster,* 227 F.3d 1096, 1102 (9th Cir.2000); *see also*

*Miranda* statement to the arresting officer. We reject Bates' argument because voluntary statements or unforeseen reactions to police inquiries are not the product of interrogation and, therefore, do not trigger *Miranda*'s consequences.[10]

Contradictory evidence in the record exists regarding whether or not Bates made his statement in response to the officer's question. Regardless, however, we conclude that the officer did not violate Bates' Fourth Amendment rights. If Bates made his statement before the arresting officer asked Bates whether he had any sharp objects in his pockets that would injure the officer, then the statement was not made in response to any question by the officer and was not the product of interrogation.

If, on the other hand, Bates' statement was made in response to the officer's inquiry, the district court was still correct in refusing to suppress it for two reasons. First, the officer asked about objects in Bates' pockets that could injure the officer, not about objects in Bates' backpack and not about the underlying crime. Therefore, at best, Bates' statement was voluntary, additional information that the officer did not elicit and had no reason to fore-see.[11] Second, even if the arresting officer's single question could be construed as interrogation, the statement would fall within the public safety exception to *Miranda*, which applies when "there was an objectively reasonable need to protect the police or the public from any immediate danger."[12] The officer's question to Bates related to dangerous objects in his pockets that could injure the officer. The question required only a simple yes or no answer, not a testimonial response, and the officer asked no further questions.[13]

### III. Appointment of Counsel for Investigation of Ineffectiveness Claim

Claims regarding ineffective assistance of counsel are normally not addressed on direct review.[14] Bates' request to the district court was not for substitute counsel, but rather for appointment of an attorney to investigate his claims that one of his appointed attorneys was providing ineffective assistance. Evaluating the district court's decision would require an inquiry into the effectiveness of Bates' counsel. The record in this case is not sufficiently developed to allow for such an inquiry.

---

*United States v. Moreno–Flores*, 33 F.3d 1164, 1168 (9th Cir.1994) (noting that whether a defendant was subjected to interrogation is a mixed question of law and fact reviewed *de novo*).

**10.** *United States v. Rodriguez–Lopez*, 63 F.3d 892, 893 (9th Cir.1995); *Moreno–Flores*, 33 F.3d at 1169.

**11.** *Moreno–Flores*, 33 F.3d at 1169; *see also Foster*, 227 F.3d at 1103 (noting that it is relevant to determination of whether statement is a product of interrogation that the question posed by police was not related to the crime or the suspect's participation in it).

**12.** *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir.1994) (internal quotation marks omitted).

**13.** *Id.* at 1049–50 (holding that "the narrowly tailored question was a reasonable attempt by a police officer to insure his personal safety in the midst of a search" and therefore "the spontaneous and unrequested response of the suspect was properly admitted under the ... public safety exception"); *see also United States v. Reilly*, 224 F.3d 986, 993 (9th Cir. 2000) (holding that public safety exception applied to question "Where is the gun?" because question was non-investigatory and was intended solely to protect the police officers).

**14.** *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000), *cert. denied*, 531 U.S. 1095, 121 S.Ct. 821, 148 L.Ed.2d 705 (2001).

We therefore decline to reach this question on direct appeal.

AFFIRMED.