UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronnie G. MULLANIX, Defendant–
Appellant.

No. 96–30121.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 19, 1996.

Decided Oct. 30, 1996.

Dennis N. Balske, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

Richard Scruggs and Fred N. Weinhouse, Assistant United States Attorneys, Portland, Oregon, for plaintiff-appellee.

Before PREGERSON, BOOCHEVER, and T. G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## INTRODUCTION

Defendant Ronnie G. Mullanix appeals the district court's denial of his motion for resentencing. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

## FACTS AND PROCEDURAL HISTORY

Ronnie G. Mullanix pleaded guilty to manufacturing marijuana in violation of 28 U.S.C. § 841(a)(1). On February 14, 1994, Mullanix was sentenced to a mandatory minimum term of sixty months based on his conviction of growing more than 100 marijuana plants.[1]

Because the resolution of Mullanix's claims depends upon the chronology of certain events happening after his conviction, we set out those dates here. On February 14, 1994, Mullanix was sentenced to a mandatory minimum sixty-month sentence. On September 23, 1994, 18 U.S.C. § 3553(f), the "safety valve" provision, became effective, allowing the district court to impose a sentence below the statutory minimum in certain circumstances. On November 1, 1995, Amendment 516 to the Drug Quantity Table of U.S.S.G. § 2D1.1 became effective, revising Note E to reduce the marijuana plant equivalent from

---

1. According to the presentence report, 335 plants were seized when Mullanix's residence was searched.

one kilogram to 100 grams of marijuana. On March 11, 1996, Mullanix moved for reduction of his sentence under 18 U.S.C. § 3582(c)(2). On April 1, 1996, the district court denied Mullanix's motion for reduction of sentence.

In denying Mullanix's motion, the district court stated:

> Had note (E) of U.S.S.G. § 2D1.1 provided at the time that Mullanix was sentenced that each marijuana plant was to be treated as the equivalent of 100 grams of marijuana, this court would still have been required by law to apply the 60–month statutorily required minimum under 21 U.S.C. § 841(b)(1)(B) as required by U.S.S.G. § 5G1.1(b).

Mullanix appeals the district court's denial of his motion for reduction of sentence. Mullanix's position can be summarized as follows: Amendment 516 was retroactive and would require resentencing. On resentencing, he would qualify under the safety valve provision, and his sentence would be reduced from sixty months to twenty-four months.

### DISCUSSION

The authority of district courts to correct or reduce a sentence is limited. Title 18 U.S.C. § 3582, the provision relied upon by Mullanix, specifically provides that a district court may not modify a term of imprisonment without specific authority. Section 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that ... (2) in the case of a defendant who has been *sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, to invoke the district court's authority to modify his sentence under § 3582(c)(2), Mullanix must demonstrate that he was sentenced pursuant to a "sentencing range that has subsequently been lowered." This he cannot do.

When Mullanix was sentenced, the presentence report established a guideline range of fifty-seven to seventy-one months. The district court sentenced Mullanix to the statutorily required minimum of sixty months. Thus, Mullanix was not sentenced pursuant to a sentencing range which has subsequently been lowered; he was sentenced pursuant to the statutorily required minimum, which was not affected by the change in the marijuana equivalency tables. Therefore, the district court had no authority to reduce Mullanix's sentence under § 3582(c)(2).

Furthermore, § 3553(f), the "safety valve" provision, does not provide an independent basis for reducing Mullanix's sentence. Mullanix's sentence was imposed on February 14, 1994, more than six months before § 3553(f) became effective. Section 3553(f) does not apply retroactively to sentences imposed prior to its effective date. *United States v. Rodriguez–Lopez*, 63 F.3d 892, 893 (9th Cir.1995). Therefore, Mullanix is not entitled to the "safety-valve" relief of § 3553(f).

AFFIRMED.