USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-1545 UNITED STATES OF AMERICA, Appellee, v. WILLIAM A. TWITTY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Evan Slavitt, by appointment of the Court, with whom Mary P. _____________ _______ Murray and Hinckley, Allen & Snyder, were on brief for appellant. ______ ________________________ Michael J. Pelgro, Assistant United States Attorney, with whom __________________ Dina Michael Chaitowitz, Assistant United States Attorney, and Donald _______________________ ______ K. Stern, United States Attorney, were on brief for appellee. ________ ____________________ January 9, 1997 ____________________ ALDRICH, Senior Circuit Judge. William A. Twitty _____________________ (hereinafter defendant), caught deep in the sale of illegal firearms, appealed following the imposition of a cumulative sentence of 97 months on three counts. His convictions stood, but we held the court had erred in finding that his participation in the conspiracy involved lasted long enough to warrant application of the Sentencing Guidelines adopted on November 1, 1991. United States v. Twitty, 72 F.3d 228, _____________ ______ 232-34 (1st Cir. 1995). The earlier Guidelines were less severe. We accordingly remanded for resentencing on the earlier version. On remand, the same judge, by adopting a different calculation for Count I, the conspiracy count, reached the same sentence, and thence the original 97 months total. We can understand defendant's unhappiness with the evaporation of his partial victory. However, we affirm. Mere appearances do not prevail over established principles. See United States v. Lombard, No. 96-1541, slip. op. at 12-13 ___ _____________ _______ (1st Cir. Dec. 4, 1996). I. At the first sentencing, the court, believing that the conspiracy shown extended beyond November 1, 1991, and adhering to the rule that conspiracy should be grouped with other counts involving its sole object, U.S.S.G. 3D1.2, assigned thereto Base Offense Level 14 pursuant to U.S.S.G. 2K2.1(a)(6) of the November 1991 Guidelines. It then added -2- four sets of enhancements that brought defendant to Level 28, which with Criminal History Category II, produced a guideline range of 87 to 108 months. The court chose 97 months, the middle of the range, as the "total punishment." See U.S.S.G. ___ 5G1.2 (providing a mechanism for determining a "total punishment" figure in cases with convictions on multiple counts). On this basis, the court sentenced defendant to 60 months on the conspiracy count, the statutory maximum, and then imposed a consecutive sentence of 37 months on Count II. See United States v. Quinones, 26 F.3d 213, 215-17 (1st Cir. ___ _____________ ________ 1994). A concurrent sentence of 37 months was imposed on a third count, leaving the total sentence at 97 months. At resentencing, the Base Offense Level dropped to 6. The court retained the previous enhancements, resulting in an adjusted level of 20 which this time produced a 37 to 46 month guideline range, well under the 60 month statutory maximum. Explaining that this range did not adequately reflect the magnitude of defendant's conduct, the court proceeded to depart upward by adding an additional 8 levels, ending up again with an 87 to 108 month guideline range. From this it reimposed the 60 months on the first count, and then effected a further upward departure by reimposing the 37 month consecutive sentence on another count, bringing the ultimate sentence again to 97 months. It is to be noted that the reaffirmed sentences on Counts II and III were initially -3- imposed on the basis of the November 1990 guidelines, and were appropriate here, assuming the additional upward departure with respect to Count I. II. We start with the general question. Defendant has cited no authority for the proposition that there can be no greater sentence after appeal, here in effect obtained by upward departure. He might have cited North Carolina v. ______________ Pearce, where the Court held this to be improper after a ______ second trial, if, as here, there were no new and subsequent justification for so doing. 395 U.S. 711, 725-26 (1969). Pearce created a presumption of vindictiveness, viz., a ______ judge's irritation at being reversed. We have held, however, that this presumption (and hence restriction) does not apply, for example, when the two proceedings are handled by different judges. United States v. Clark, 84 F.3d 506, 508 ______________ _____ (1st Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 272 _____________ (1996). Under familiar principles, therefore, that defendant's present silence shows he understands, he should have noted and invoked the presumption, if not when the court opened the hearing, at least when its action presented the issue. He did not. We have no doubt the court, as a court, had the discretion to depart upward and reimpose the 97 month -4- sentence. We have previously held that when resentencing under a multi-count conviction, [C]ommon sense dictates that the judge should be free to review the efficacy of what remains in light of the original sentencing plan, and to reconstruct the sentencing architecture upon remand within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits the crime. United States v. Dominguez, 951 F.2d 412, 416 (1st Cir. 1991) _____________ _________ (quoting United States v. Pimienta-Redondo, 874 F.2d 9, 14 ______________ ________________ (1st Cir. (1989) (en banc)). The only restrictions on the court when making an upward departure1 are that it adequately explain its decision and that the departure be reasonable. United States v. Rosales, 19 F.3d 763, 770 (1st Cir. 1994); _____________ _______ United States v. Rivera, 994 F.2d 942, 946-47 (1st Cir. ______________ ______ 1993). Here the court expressly based the upward departure on the large number of guns and the endangerment of public safety. After review of the record, we have no basis to find this unreasonable. Defendant also complains of "double-dipping" in that the upward departure imposing an additional penalty for endangering public safety2 was anticipated by and included  ____________________ 1. Other than vindictiveness, presumed, North Carolina v. _______________ Pearce, 395 U.S. 711 (1969), or proven. See Wasman v. United ______ ___ ______ ______ States, 468 U.S. 559 (1984). ______ 2. We do not address the three level upward departure reflecting the large number of guns involved as in his brief defendant concedes that apart from the fact that the exact -5- within the Guidelines and, in any event, taken into account by the enhancements. We disagree. While it is true that some of the enhancements reflected the fact that defendant's behavior exceeded Guideline thresholds, the court determined, based on the entirety of defendant's actions, i.e., putting at least 225 serial number obliterated handguns onto the streets, that the thresholds did not go far enough. It concluded that this is an unusual case, placing defendant outside the heartland of the Guidelines and allowing wide discretion in upward departure. See Rivera, 994 F.2d at 949 ___ ______ (1st Cir. 1993). We can agree. Moreover, in Quinones we ________ noted that "appellate review of a district court's determination that a case is unusual, and therefore warrants departure, must take place 'with full awareness of, and respect for, the trier's superior "feel" for the case.'" 26 F.3d at 218 (quoting United States v. Diaz-Villafane, 874 ______________ ______________ F.2d 43, 50 (1st Cir. 1989)). We heed our admonition and affirm defendant's sentence.  ____________________ sentence was reimposed, this departure could be deemed reasonable. -6-