UNITED STATES of America, Appellee,

v.

Isidro RODRIGUEZ, Defendant,
Appellant.

No. 96–2150.

United States Court of Appeals,
First Circuit.

Heard March 5, 1997.

Decided April 30, 1997.

---

Bjorn Lange, Federal Defender Office, for appellant.

Jean B. Weld, Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, and Peter E. Papps, Assistant United States Attorney, were on brief, for appellee.

Before BOUDIN, Circuit Judge,
ALDRICH, Senior Circuit Judge, and
LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

This case raises an issue of significance in the administration of criminal justice, one of first impression for this court. It concerns the power of a district court to resentence on the counts of conviction remaining after the sentence on another count has been vacated on a petition under 28 U.S.C. § 2255.

Isidro Rodriguez was originally convicted in 1993 on four cocaine trafficking counts, *see* 21 U.S.C. § 841(a), for which he received a sentence of sixty-three months, and on one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for which he received a mandatory, consecutive sentence of sixty months. Those convictions were affirmed on appeal. *See United States v. Rodriguez*, 29 F.3d 619 (1st Cir.1994) (per curiam).

On December 6, 1995, the Supreme Court decided *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* clarified the definition of the term "use" in 18 U.S.C. § 924(c), changing the law in this and many other circuits. *Id.* Relying on *Bailey*, Rodriguez filed a *pro se* motion under 28 U.S.C. § 2255, seeking to vacate his

conviction on the § 924(c) firearms count. The government conceded that Rodriguez's conviction on that count could not stand after *Bailey.*

On March 1, 1996, the district court ordered that Rodriguez's conviction and sentence on the § 924(c) count be vacated, thereby eliminating the mandatory, consecutive five-year sentence. Rodriguez remains in the custody of the Bureau of Prisons as he has not finished serving his sentence for the drug trafficking counts.

The district court appointed counsel to represent Rodriguez and directed the parties to address the issue of whether Rodriguez could be resentenced on the drug counts. The court also ordered a revised presentence report ("PSR"). After briefing and argument, the district court ruled that Rodriguez's sentence on the firearms count was part of a sentencing calculus based on the relationship between the various counts. The court concluded that it had jurisdiction, under § 2255 and First Circuit precedent, to resentence Rodriguez on the drug trafficking counts. The district court accepted the factual conclusions and Guidelines application of the revised PSR, including the PSR's recommendation of a two-level increase for possession of a dangerous weapon during a drug offense. This yielded a total offense level of 28, and a corresponding sentencing range of seventy-eight to ninety-seven months. The district court resentenced Rodriguez to seventy-eight months on the drug trafficking counts. That is less than his original total sentence on all counts of 123 months, but more than his original sentence of sixty-three months for the drug counts.

Rodriguez argues that the district court simply lacked jurisdiction to resentence him and, further, that doing so violated his right not to be placed twice in jeopardy for the same offense and his right to due process of law.

Rodriguez's argument is complicated for him by the fact that, under the Sentencing Guidelines, there was an explicit interaction between the sentence he was originally given on the drug trafficking counts and the sentence he received on the firearms count. The Guidelines direct a sentencing judge to increase the sentence for a drug trafficking offense by two levels where the offense involves the possession of a dangerous weapon, including a firearm. *See* U.S.S.G. § 2D1.1(b)(1). However, to avoid double counting, the Guidelines do not permit such an enhancement of the drug sentence if the defendant has also been convicted under certain statutes, including 18 U.S.C. § 924(c), which provide a mandatory minimum penalty for weapons-related conduct. U.S.S.G. § 2K2.4 (comment. n. 2 & backg'd). For example, if the jury had acquitted Rodriguez of the firearms offense under 18 U.S.C. § 924(c), but the judge had nonetheless found, by a preponderance of the evidence, that Rodriguez possessed a firearm during the drug crimes, the judge should have, under the Guidelines, increased the sentence for the drug offenses.

The district court judge apparently thought that this resentencing was similar to that hypothetical case and so enhanced the sentence for the drug offenses. This is, of course, an approach abundant with common sense. It also fits with the notion that, where there are multiple convictions, the various sentences form a package meant to work together and if part of the package of convictions is undone, the trial judge ought to be free to reconsider how all the pieces should fit together, in order to do justice and to meet the requirements of the Guidelines.

But such a common sense approach to the problem must fairly meet Rodriguez's objections that Congress did not grant jurisdiction to resentence and that such an approach, writ broadly, poses far from hypothetical dangers to the constitutional rights of a criminal defendant. Rodriguez's assertion is that to increase a sentence as a consequence of a defendant's successful challenge to one count of conviction penalizes the exercise of the right to collaterally attack a conviction. Such a sentencing enhancement deprives the prisoner of his settled expectations about the length of his sentence, and violates the rule, embedded in our jurisprudence, that a defendant only be sentenced for the crimes of which he is convicted.

Rodriguez starts with an argument that federal trial courts have only such jurisdiction as Congress has granted and that there is no grant of jurisdiction to revise, on collateral attack, a sentence that has already become final. Rodriguez argues that Congress has expressly limited a court's ability to modify an already imposed sentence to the three situations outlined in 18 U.S.C. § 3582(c). Two of the circumstances described in that section are inapplicable here, and so, he contends, the district court may only resentence him to the extent "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

On direct appeal (in contrast to the § 2255 review here), this court has permitted resentencing for a drug trafficking conviction where defendant's § 924(c) conviction was set aside, post-*Bailey*:

> Since it is conceivable that our disposition of the [firearms] count might affect the sentencing calculus in regard to the [drug trafficking] count, we honor counsels' joint request and remand to the district court for possible reconsideration of the sentence originally imposed on the drug trafficking count.

*United States v. Valle,* 72 F.3d 210, 218 (1st Cir.1995). At least seven other circuits have similarly determined that, when a conviction under § 924(c) is reversed *on appeal* in light of *Bailey,* it is appropriate to remand to the district court for resentencing on the remaining convictions. *See United States v. Jackson,* 103 F.3d 561, 569 (7th Cir.1996)(citing cases).

Rodriguez concedes that such resentencing on remand after direct appeal may be appropriate because 28 U.S.C. § 2106 permits the appellate court to "affirm, modify, vacate, set aside or reverse any judgment ... brought before it for review" and to "remand the cause and ... require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. But that statutory language is inapplicable here, Rodriguez argues, because the drug trafficking convictions in this case have already become final after appeal; thus, § 2106's broad grant of remedial power to the *appellate* court cannot be read to empower the district court on a § 2255 motion. Rodriguez further argues that his § 2255 motion only sought review of his § 924(c) sentence and convictions, and that his drug trafficking sentence is therefore not properly "before" any court.

We agree with the basic tenet of Rodriguez's argument: courts are not free to resentence at will; a statute or Rule 35 must authorize such an exercise of jurisdiction. *See United States v. Fahm,* 13 F.3d 447, 453 (1st Cir.1994) (district court lacked inherent power to "correct" a sentence other than as expressly permitted by Rule 35).

■ However, Rodriguez's argument fails because the language of 28 U.S.C. § 2255 expressly vests some power in the district court:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial *or correct the sentence as may appear appropriate.*

28 U.S.C. § 2255 (emphasis added).

This grant of power to "correct the sentence as may appear appropriate" resolves the jurisdictional issue against Rodriguez. In this, we agree with the Fourth Circuit's decision in *United States v. Hillary,* 106 F.3d 1170, 1172 (4th Cir.1997) and the Seventh Circuit's decision in *United States v. Binford,* 108 F.3d 723, 728–29 (7th Cir.1997).

This still leaves the question of when it is "appropriate" to "correct the sentence."

In *United States v. Smith,* 103 F.3d 531 (7th Cir.1996), the Seventh Circuit ruled in favor of the exercise of jurisdiction to correct the remaining drug trafficking sentence where a prisoner, on a motion under § 2255, succeeded in vacating his mandatory consecutive five-year § 924(c) sentence. The Seventh Circuit found it "appropriate" to correct the sentence, because "[i]f a multicount sen-

tence is a package ... then severing part of the total sentence usually will unbundle it." *Id.* at 534.

The Seventh Circuit further noted, and we agree, that the question of the "appropriate" exercise of that jurisdiction cannot turn entirely on older conceptions of "sentencing packages" but must consider the effect of the Sentencing Guidelines. *See id.* at 534–35. "The Sentencing Reform Act of 1984 revolutionized the manner in which district courts sentence persons convicted of federal crimes." *Burns v. United States,* 501 U.S. 129, 132, 111 S.Ct. 2182, 2184, 115 L.Ed.2d 123 (1991). We also agree with the Seventh Circuit's conclusion that, while the Guidelines have altered the idea of the sentencing package, they have not eliminated the concept. *Smith,* 103 F.3d. at 534.

In a pre-Guidelines case, this court both adopted the concept of the sentencing package and suggested some limits to its applicability. In *United States v. Pimienta–Redondo,* 874 F.2d 9 (1st Cir.1989) (en banc), the defendants received consecutive sentences for convictions on two counts of drug trafficking. On appeal, this court ruled that the two counts of conviction actually constituted a single offense, reversed the defendants' convictions on one of the counts, and remanded for resentencing on the second. *Id.* at 11–12. The district court then resentenced the defendants on the remaining count to a term as long as the combined total of the prior, consecutive sentences on both counts. *Id.* at 12. Defendants again appealed. The en banc court rejected defendants' double jeopardy and due process challenges to the resentencing, holding that:

> [a]fter an appellate court unwraps the [sentencing] package and removes one or more charges from its confines, the sentencing judge, herself, is in the best position to assess the effect of the withdrawal and to redefine the package's size and shape....

*Id.* at 14. In light of the concurring opinion of then-Judge Breyer and Judge Campbell,

*Pimienta–Redondo*'s "sentencing package" holding should be confined to situations where the same basic course of conduct underlies both the vacated count and the count on which the conviction is affirmed, and that basic conduct determines the sentence. *Id.* at 17 (Breyer, J., concurring).

In this case, the Guidelines establish a similar relationship of interdependence between the vacated count of conviction, the affirmed count of conviction, and the new sentence: Both Rodriguez's conviction under § 924(c) and the enhancement imposed in resentencing him turn on the presence of a weapon during a *drug trafficking offense.* Rodriguez's conviction for that basic course of conduct was affirmed. The Guidelines require sentencing judges to consider "all acts and omissions ... that occurred during the commission of the offense of conviction...." U.S.S.G. § 1B1.3(a)(1). Thus, under both the Guidelines and our pre-Guidelines precedent, Rodriguez's sentence may be considered as a "sentencing package."

█ Rodriguez argues that, because the § 924(c) firearms sentence was consecutive, it is not part of the same "sentencing package" as his drug trafficking sentence. He relies on U.S.S.G. § 5G1.2, which governs sentencing on multiple counts of conviction, and provides:

> (a) The sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently.

U.S.S.G. § 5G1.2. That the firearms sentence had to be calculated independently does not mean that the sentence on the drug counts did not depend on the existence of that sentence; to the contrary, the Guidelines specify such a relationship. *See* U.S.S.G. § 2K2.4, comment. (n.2 & backg'd). Thus, we hold that, where the Guidelines contemplate an interdependent relationship between the sentence for the vacated conviction and the sentence for the remaining convictions—a sentencing package[1]—a district court may, on a

---

1. To the extent that the Seventh Circuit's opinions in *Smith* and *Binford* can be read to permit resentencing whenever there is a sentencing package, and to define a "sentencing package"

as "the bottom line, the total number of years (or under the guidelines, months) which effectuates a sentencing plan," *Smith,* 103 F.3d at 533, we

petition under 28 U.S.C. § 2255, resentence on the remaining convictions.[2] We leave to another day the question of whether there is such authority when the Guidelines do not contemplate such an interdependent sentencing package.[3]

■ Rodriguez's two constitutional claims fare no better than does his jurisdictional claim. Because the consideration of acquitted conduct in fashioning a sentence does not, absent special circumstances, violate either the Due Process or the Double Jeopardy Clause, *see United States v. Watts,* — U.S. —, — – —, 117 S.Ct. 633, 636–37, 136 L.Ed.2d 554 (1997), the fact that the district court considered the conduct underlying the vacated conviction in enhancing the sentence for the drug offense does not in itself violate the Constitution. To the extent that there are valid due process concerns about possible vindictiveness on resentencing, the safeguards announced by the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and applied by this court in *Pimienta–Redondo,* 874 F.2d at 12–14, adequately address this problem. *See also United States v. Twitty,* 104 F.3d 1, 2 (1st Cir.1997); *United States v. Clark,* 84 F.3d 506 (1st Cir.) (outlining contours of *Pearce* presumption of vindictiveness), *cert. denied,* — U.S. —, 117 S.Ct. 272, 136 L.Ed.2d 195 (1996). On the facts of this case, no claim of vindictiveness has been, or could be, made.

■ There is another theory that Rodriguez advances under the Due Process Clause. Relying on *Breest v. Helgemoe,* 579 F.2d 95 (1st Cir.1978), he argues that he was "a substantial period of time"—more than three years—into his sentence when he was resentenced, and that it is "fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence in a way which frustrates a prisoner's expectations by postponing his . . . release date far beyond that originally set." *Id.* at 101. Here, Rodriguez's new release date is still more than four years earlier than his original release date; the psychological unfairness described in *Breest* is thus not an issue here. We acknowledge that, on other facts, due process concerns could be raised.[4]

■ We think that, given the language of § 2255 discussed earlier and the fact that Rodriguez is still in custody, he could have no settled expectation of finality with respect to a portion of his total sentence which, under the Guidelines, is part of a sentencing package. Accordingly, there is no violation of the Double Jeopardy Clause here. This case does not involve a petitioner who had already fully discharged his sentence and then was resentenced, *see United States v. Silvers,* 90 F.3d 95, 101 (4th Cir.1996), and we intimate nothing about the double jeopar-

---

part company and find it unnecessary to state so broad a rule.

2. There may be occasions where the authority to resentence works in a defendant's favor. There may be occasions where the trial judge believes the interrelationship requires a reduction in the remaining sentence.

3. The Sentencing Commission may wish to address this topic.

4. We have said that there may be limits on the right to correct an erroneous sentence in cases "with extreme facts: a long delay, actual release of the defendant from custody based on the shorter sentence, singling out of the defendant for a belated increase apparently because of his commission of another offense for which parole revocation would have been available, and other troubling characteristics." *United States v. Goldman,* 41 F.3d 785, 789 (1st Cir.1994); *see also DeWitt v. Ventetoulo,* 6 F.3d 32, 34 (1st Cir.1993)(noting that there is "no single touchstone" for determining if delay in resentencing is inconsistent with the Due Process Clause and listing considerations including the lapse of time, the reasonableness of defendant's expectations, prejudice, and diligence exercised by the state). Delay may, in future cases, be less of an issue because of the strict time limits that 28 U.S.C. § 2255 now imposes on the filing of petitions.

dy consequences of such a situation.[5]  *Cf. Hillary,* 106 F.3d at 1173.

*Affirmed.*

---

**5.** This scenario is not farfetched.  Sometimes a case takes such time to wend its way through the court system that the prisoner is released by the time it is resolved.  And, because convictions carry collateral consequences even after incarceration has ended, appeals may be brought after release in an effort to avoid those consequences.  *See Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1673–74, 84 L.Ed.2d 740 (1985).