UNITED STATES of America, Plaintiff–Appellee,

v.

Martin Templeton STOCKDALE, Defendant–Appellant.

No. 96–30199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 1997.

Decided Nov. 20, 1997.

---

---

F. de la Puente Allen, Salem, OR, for Defendant–Appellant.

Pamela Watkins (Argued), and Johnathan S. Haub (On the Briefs), Assistant United States Attorneys, Portland, OR, for Plaintiff–Appellee.

Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

We deal here with a retroactivity issue involving the sentencing guidelines and the "safety valve" statute for avoiding statutory minimum sentences.

Stockdale was sentenced to 121 months imprisonment for various marijuana crimes. The crimes involved 1,738 plants, which were treated as equivalent to 1,738 kilograms under the then-controlling provision. U.S.S.G. § 2D1.1(c) (1991). Stockdale's adjusted offense level of 32 and criminal history category I gave him a guideline sentencing range of 121 to 151 months. There was a ten-year statutory mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(vii). Because Stockdale's guideline range was higher than the statutory minimum, he was sentenced according to the guideline range without regard to the statutory minimum.

After Stockdale was sentenced, the weight equivalencies were changed, dropping the marijuana equivalency from a kilogram per plant to one-tenth of a kilogram. U.S.S.G. § 2D1.1(c) Note (E) (1995). The reduction was retroactive. U.S.S.G. § 1B1.10(c) (1995). The district court could reduce a term of imprisonment being served, if the applicable sentencing range had been lowered by specified amendments, including the one plant to one-tenth kilogram change. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a), (c) (1995).

Stockdale accordingly moved for and obtained a reduction in the sentence he was serving. But he did not get much of what he asked for. Based upon 173.8 kilograms instead of 1,738 kilograms, Stockdale's new guideline range was 57–71 months (offense level 26, plus 1 for managerial role, minus two for acceptance of responsibility, criminal history category I). The statutory mandatory minimum of ten years was higher than this new guideline range. 21 U.S.C. § 841(b)(1)(A)(vii). The district court concluded that the statutory mandatory minimum controlled, so Stockdale's sentence was reduced only by a month, to ten years, instead of being cut roughly in half to the guidelines range.

Stockdale argued that he should have had his sentence considered under what prosecutors and defense lawyers call the "safety valve." That is a new statute, promulgated after Stockdale's sentencing, requiring that sentences be imposed pursuant to the guidelines "without regard to any statutory minimum" if five findings are made. 18 U.S.C. § 3553(f). Stockdale concedes that the safety valve is generally not retroactive. He can do little else in light of the statute's provision

that it applies only " 'to all sentences imposed on or after the 10th day beginning after the date of enactment of this act.' " *United States v. Rodriguez–Lopez*, 63 F.3d 892, 893 (9th Cir.1995) (quoting Pub.L. No. 103–322, § 80001(c), 108 Stat. 1796, 1986 (1994) (codified at 18 U.S.C. § 3553 note (Effective Date of 1994 Amendments))). Stockdale argues, however, that he should be entitled to the benefits of the safety valve provision on either of two theories: (1) the retroactive guideline, which requires Stockdale's sentence to be modified as if the new guideline were in effect at the time of his original sentencing, necessarily requires retroactive incorporation of the safety valve statute; or (2) the modification of his sentence amounts to a new sentencing after the effective date of the safety valve statute.

■ We reject both theories. First, we cannot imply through the guidelines a retroactivity of the safety valve statute that is contrary to the plain words of that statute. Second, we conclude that the modification of Stockdale's sentence does not amount to a new sentencing for purposes of the safety valve statute.

We have already decided in a similar context that the safety valve does not apply. *United States v. Mullanix*, 99 F.3d 323 (9th Cir.1996). In *Mullanix*, we held that "Section 3553(f) does not apply retroactively to sentences imposed prior to its effective date." *Id.* at 324. But the facts were different, so *Mullanix* is arguably distinguishable for purposes of Stockdale's first theory, that the retroactive application of the guideline requires retroactive application of the safety valve statute. Mullanix's original sentence was the statutory minimum, because that was higher than the bottom of his guideline range. The relevant statute limiting a court's power to modify terms of previously imposed imprisonment allows reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2). We reasoned that Mullanix had been sentenced pursuant to the statutory minimum, not the guideline range that had been reduced, so 18 U.S.C. § 3582(c)(2) did not allow a reduction for him. *Mullanix*, 99 F.3d at 324. This reasoning does not apply to Stockdale, because he was sentenced pursuant to his guideline range.

■ We nevertheless reach the same result as in *Mullanix*. A person whose sentence is reduced pursuant to the change in the weight equivalencies is not entitled to retroactive application of the safety valve statute, whether his original sentence was pursuant to a guideline range or the statutory minimum. Both the language of the applicable provisions and their purposes require this result.

The safety valve statute tells a court to "impose a sentence" without regard to the statutory minimum if it makes the requisite findings "at sentencing." 18 U.S.C. § 3553(f). These words appear to speak to the time of sentencing, not the time of a subsequent motion proceeding to reduce a sentence. The fifth required finding expressly addresses timing, by requiring the defendant to have provided information "[n]ot later than the time of the sentencing." 18 U.S.C. § 3553(f)(5). These references to the time of sentencing all support a construction requiring that the safety valve be applied only if the findings were made when the criminal was originally sentenced, as opposed to the later time when his sentence was reduced. By contrast, the statute allowing modification of a sentence when the guideline range "has subsequently been lowered" speaks to "a term of imprisonment once it has been imposed," and of "a defendant who has been sentenced." 18 U.S.C. § 3582(c)(2). The contrasting language implies that the safety valve statute applies during sentencing, not in subsequent reduction proceedings. Likewise, the guidelines provision for retroactivity of reduced sentencing ranges lists which amendments are covered, and they are all guidelines amendments, not statutory amendments such as the safety valve. U.S.S.G. § 1B1.10(c) (1995). Section 1B1.10 requires the district court first find a listed amendment or amendments in § 1B1.10(c). It then applies the ones it finds, but leaves "all other guideline application decisions unchanged" as directed in application note 2.

These inferences from grammar might be a bit thin, except that they lead to the only result that makes sense. Suppose, hypothetically, that even though Mullanix cannot have the benefit of the safety valve, because he was sentenced according to a statutory minimum, Stockdale could. That would mean that the criminal whose conduct was worse would get the better result. The reason a criminal is sentenced according to the statutory minimum without regard to his guideline range, is that his guideline range is lower than the statutory minimum. His crimes are generally not as bad as crimes that earn a guideline range higher than the statutory minimum, like Stockdale's. Mullanix grew 335 marijuana plants, Stockdale 1,738. It makes no sense to impute a purpose to Congress to allow escape from the statutory minimum only to the criminal who grew five times as much marijuana, not the smaller-scale grower. The common sense of the result suggests that Congress adopted the wording and grammar it did to achieve the result to which they lead.

AFFIRMED.