United States Court of Appeals
For the First Circuit

No. 98-1113

United States of America,

Appellee,

v.

Barry Jordan,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Lynch, and Lipez, Circuit Judges.

George F. Gormley, with whom John D. Colucci, and Gormley &
Colucci, P.C. were on brief, for appellant.
Henry T. A. Moniz, Assistant U.S. Attorney, with whom Donald
K. Stern, U.S. Attorney, was on brief, for appellee.

November 25, 1998

LYNCH, Circuit Judge. This case raises an issue of first
impression about one aspect of the scope of a sentencing court's
statutory jurisdiction to resentence when an amendment to the U.S.
Sentencing Guidelines applies retroactively.
In 1991, Barry Jordan was sentenced to thirty years'
imprisonment because he pled guilty to a conspiracy (and related
crimes) to manufacture and distribute methamphetamine. His
sentence was based on the quantity of the drugs involved, 29.5
kilograms, which the guidelines then translated into a base offense
level of 40, the top of the range.
Thereafter, on November 1, 1994, those drug quantity
guidelines were amended, and the top of the range dropped to a base
offense level of 38 from 40. As he was permitted to do by statute,
Jordan sought a discretionary sentence reduction in 1997 to benefit
from the changed guideline. The district judge, exercising his
discretion, granted the petition based on the changed drug quantity
guideline and reduced Jordan's sentence to 324 months.
The rub is that Jordan saw this resentencing as an
opportunity to seek an additional reduction as well, one based on
the theory that the totality of the circumstances took his case out
of the heartland, and so he could be considered for a new downward
departure. See U.S.S.G. 5K2.0 commentary. This ground had not
been raised at the original 1991 sentencing, the law then not
having permitted it, Jordan says (the law having changed in the
interim). The district court demurred, saying that the authority
it had to resentence based on the changed drug quantity guideline
did not extend to consideration of a 5K2.0 motion.
The district court was correct. We affirm without
reaching the government's arguments about whether, if the district
court did have such authority, it would have been error to exercise
it.
I
On June 27, 1990, the United States charged Jordan, and
two others, with conspiracy to manufacture and possess with intent
to distribute methamphetamine. Jordan pled guilty to all counts. 
The district court, relying on the Presentence
Investigation Report, determined that Jordan had a Criminal History
Category of VI and a base offense level of 40. After granting
Jordan a two-level downward adjustment for acceptance of
responsibility thereby giving him an adjusted offense level of 38
the court found that the applicable guideline sentencing range
was 360 months to life imprisonment. On August 8, 1991, the court
sentenced Jordan to 360 months' imprisonment. He appealed,
contesting the purity and amount of the drugs attributed to him,
and this court affirmed his sentence. See United States v.
Barnett, 989 F.2d 546, 551, 560 (1st Cir. 1993).
On November 1, 1994, one year after Jordan's first
appeal, Congress enacted Amendment 505 to the Sentencing
Guidelines, which eliminated base offense levels 39 and 40 from the
Drug Quantity Table of the Sentencing Guidelines. See U.S.S.G.
Appendix C, Amendment 505; U.S.S.G. 1B1.10(c); U.S.S.G. 
2D1.1(c). The guidelines expressly allowed for retroactive
application of Amendment 505. See U.S.S.G. 1B1.10(a),(c). 
Jordan petitioned the district court to modify his sentence
pursuant to 18 U.S.C. 3582(c)(2). The court granted his motion
on October 8, 1997, and scheduled a resentencing hearing for
December 16, 1997.
Jordan also filed a motion for a downward departure,
seeking (for the first time) an additional reduction pursuant to
U.S.S.G. 5K2.0. The district court reduced Jordan's sentence to
324 months' imprisonment on the basis of Amendment 505 the lowest
end of the amended sentencing range but denied his 5K2.0 motion
because it "believe[d] that the only authority it ha[d] applie[d]
to the amendment to defendant's previous sentence."
II
To understand Jordan's argument, a brief description of
the framework of the relevant statutes, guidelines and commentary
is necessary. Normally, there is no jurisdiction in a district
court to resentence a criminal defendant on the counts of
conviction, except in very limited circumstances where permitted by
statute or by Rule 35 of the Federal Rules of Criminal Procedure. 
See United States v. Rodriguez, 112 F.3d 26, 28, 31 (1st Cir.),
cert. denied, 118 S. Ct. 237 (1997); United States v. Fahm, 13 F.3d
447, 453 (1st Cir. 1994).
Such permission was granted here when Congress made
Amendment 505 retroactive, as did the Sentencing Commission. See18 U.S.C. 3582(c)(2); U.S.S.G. 1B1.10(b)-(c); id. 1B1.10
background. This meant that the sentencing judge had discretion,
pursuant to 18 U.S.C. 3582(c)(2), to consider whether to apply
Amendment 505 to Jordan. Section 3582(c)(2) provides:
The court may not modify a term of imprisonment once it
has been imposed except that . . . (2) in the case of
a defendant who has been sentenced to a term of
imprisonment based on a sentencing range that has
subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. [] 994(o), upon motion of the
defendant . . . or on its own motion, the court may
reduce the term of imprisonment, after considering the
factors set forth in section 3553(a) to the extent that
they are applicable, if such a reduction is consistent
with applicable policy statements issued by the
Sentencing Commission.

Thus, the court could reduce the sentence if and only if doing so
was "consistent with applicable policy statements issued by the
Sentencing Commission." United States v. Havener, 905 F.2d 3, 7
(1st Cir. 1990) (quoting 18 U.S.C. 3582(c)(2)) (internal
quotation marks omitted).
Thus, the question becomes one of what the applicable
policy statements of the Sentencing Commission mean. The policy
statement which applies here is U.S.S.G. 1B1.10:
(a) Where a defendant is serving a term of imprisonment,
and the guideline range applicable to that defendant has
subsequently been lowered as a result of an amendment to
the Guidelines Manual listed in subsection (c) below, a
reduction in the defendant's term of imprisonment is
authorized under 18 U.S.C. 3582(c)(2). If none of the
amendments listed in subsection (c) is applicable, a
reduction in the defendant's term of imprisonment under
18 U.S.C. 3582(c)(2) is not consistent with this policy
statement and thus is not authorized.
(b) In determining whether, and to what extent, a
reduction in the term of imprisonment is warranted for a
defendant eligible for consideration under 18 U.S.C. 
3582(c)(2), the court should consider the term of
imprisonment that it would have imposed had the
amendment(s) to the guidelines listed in subsection (c)
been in effect at the time the defendant was sentenced,
except that in no event may the reduced term of
imprisonment be less than the term of imprisonment the
defendant has already served.
(c) Amendments covered by this policy statement are
listed in Appendix C as follows: 126, 130, 156, 176,
269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488,
490, 499, 505, 506, and 516.

It is in the interpretation of the guidelines that the
government and Jordan differ. Jordan argues that U.S.S.G. 
1B1.10 permits the district court to consider all other guidelines,
particularly U.S.S.G. 5K2.0, on resentencing. Jordan does not
argue that a court on resentencing is free to apply a non-
retroactive amendment or free to consider arguments which could
have been made at the original sentencing but were not. Jordan
correctly concedes that his argument does not and could not extend
to issues of fact already determined in the first sentencing. SeeUnited States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997)
(noting that the district court is not free, under 18 U.S.C. 
3582(c)(2), to reexamine the factual determination of the number of
marijuana plants attributed to the defendant); United States v.
Adams, 104 F.3d 1028, 1030-31 (8th Cir. 1997). To the extent that
Jordan is arguing that, these situations aside, there is fully denovo resentencing under 3582(c)(2), that is surely wrong. SeeUnited States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996), cert.denied, 117 S. Ct. 1273 (1997).
The government argues that no guideline other than the
guideline permitting a reduction occasioned by Amendment 505 may be
considered. Our analysis is less broad than the parties' "all or
nothing" arguments, a point we shall return to later.
In considering whether, on application of Amendment 505
to Jordan, the district court had authority to consider a downward
departure under U.S.S.G. 5K2.0, we, like the parties, turn to the
commentary to U.S.S.G. 1B1.10, which provides in relevant part:
Application Notes: 
1. Eligibility for consideration under 18 U.S.C. 
3582(c)(2) is triggered only by an amendment listed in
subsection (c) that lowers the applicable guideline
range.
2. In determining the amended guideline range under
subsection (b), the court shall substitute only the
amendments listed in subsection (c) for the corresponding
guideline provisions that were applied when the defendant
was sentenced. All other guideline application decisions
remain unaffected.
3. Under subsection (b), the amended guideline range and
the term of imprisonment already served by the defendant
limit the extent to which an eligible defendant's
sentence may be reduced under 18 U.S.C. 3582(c)(2).
When the original sentence represented a downward
departure, a comparable reduction below the amended
guideline range may be appropriate; however, in no case
shall the term of imprisonment be reduced below time
served. Subject to these limitations, the sentencing
court has the discretion to determine whether, and to
what extent, to reduce a term of imprisonment under this
section.
. . .
Background: . . . The listing of an amendment in
subsection (c) reflects policy determinations by the
Commission that a reduced guideline range is sufficient
to achieve the purposes of sentencing and that, in the
sound discretion of the court, a reduction in the term of
imprisonment may be appropriate for previously sentenced,
qualified defendants. The authorization of such a
discretionary reduction does not otherwise affect the
lawfulness of a previously imposed sentence, does not
authorize a reduction in any other component of the
sentence, and does not entitle a defendant to a reduced
term of imprisonment as a matter of right.

This commentary is to be followed unless it "is
inconsistent with[] or a plainly erroneous reading of" the
guidelines or "it violates the Constitution or a federal statute." 
Stinson v. United States, 508 U.S. 36, 38 (1993). There is no
contention that the commentary violates the Constitution; at most,
Jordan's argument is that the statute must color our understanding
of the guideline.
The disagreement between Jordan and the government is
this. The government says that the factors outlined in 18 U.S.C.
3553(a) are meant to guide the discretion of the district court
in deciding whether to allow the downward departure under Amendment
505 and do not provide a basis for a departure on any other ground. 
Jordan says these statutory grounds in 3553(a) open the door to
other bases for departures.
The government relies on the commentary language that
"[t]he authorization of such a discretionary reduction does not
otherwise affect the lawfulness of a previously imposed sentence
[and] does not authorize a reduction in any other component of the
sentence." U.S.S.G. 1B1.10 background (emphasis added). The
government also relies on the commentary to U.S.S.G. 1B1.10,
specifically, application note 2 and the background. Application
note 2 says that "[a]ll other guideline application decisions
remain unaffected." U.S.S.G. 1B1.10 application note 2. The
background language reflects the policy determination of the
Commission that "[t]he authorization of such a discretionary
reduction does not otherwise . . . authorize a reduction in any
other component of his sentence." U.S.S.G. 1B1.10 background.
Jordan, in turn, says the commentary must be understood
in light of the mandate in the statute that "the court may reduce
the term of imprisonment, after considering the factors set forth
in section 3553(a) to the extent that they are applicable." 18
U.S.C. 3582(c)(2) (emphasis added). Jordan says that
consideration of the factors in 3553(a) permits consideration of
his 5K2.0 motion. Jordan relies for support on the language, if
not the holding of the Eighth Circuit in United States v. Williams,
103 F.3d 57, 58 (8th Cir. 1996).
Congress committed, in 18 U.S.C. 3582(c)(2), the making
of certain policy judgments to the Sentencing Commission. This
delegation was also expressed in 28 U.S.C. 994(u), which
provides: "If the Commission reduces the term of imprisonment
recommended in the guidelines applicable to a particular offense or
category of offenses, it shall specify in what circumstances and by
what amount the sentences of prisoners serving terms of
imprisonment for the offense may be reduced." We think it clear
from the language of U.S.S.G. 1B1.10 and the commentary
(application note 2 and the background) that the district court
lacked jurisdiction to consider a departure under 5K2.0.
First, the language of 1B1.10 itself requires the
district court to "consider the term of imprisonment that it would
have imposed had the amendment[] . . . been in effect at the time
the defendant was sentenced." U.S.S.G. 1B1.10(b) (emphasis
added). Second, the commentary makes it clear that the 5K2.0
argument could not be entertained: "[T]he court shall substitute
only the amendments listed in subsection (c) for the corresponding
guideline provisions that were applied when the defendant was
sentenced. All other guideline application decisions remain
unaffected." U.S.S.G. 1B1.10 application note 2. "The listing
of an amendment in subsection (c) reflects policy determinations by
the Commission that a reduced guideline range is sufficient to
achieve the purposes of sentencing and that, in the sound
discretion of the court, a reduction in the term of imprisonment
may be appropriate for previously sentenced, qualified defendants. 
The authorization of such a discretionary reduction does not
otherwise affect the lawfulness of a previously imposed sentence
[and] does not authorize a reduction in any other component of the
sentence." U.S.S.G. 1B1.10 background. Because the 5K2.0
argument was, Jordan says, unavailable at the time he was
sentenced, by the very terms of the guideline, it cannot be
considered. See Torres, 99 F.3d at 362-63.
The Commission may well have considered the strong
interest in the finality of criminal judgments, a powerful policy
interest expressed in many forms in the criminal law. See, e.g.,
28 U.S.C. 991(b)(1)(B) (stating that the purpose of the
Sentencing Commission is to provide "certainty and fairness in
meeting the purposes of sentencing"). Further, a contrary result
would permit an evasion of the retroactivity doctrine. In essence,
Jordan's argument is that while he could not have sought
resentencing pursuant to 5K2.0 on totality of circumstances
grounds when Koon v. United States, 518 U.S. 81 (1996), overruled
prior law, he may seek such a result here through the device of
Congress having amended an entirely different, unrelated area of
sentencing law. Neither Amendment 505 nor 18 U.S.C. 3582(c)(2)
expresses any such congressional intent.
The nearest case to the problem posed here is the closely
reasoned decision in United States v. Stockdale, 129 F.3d 1066 (9th
Cir. 1997), amended on denial of reh'g, 139 F.3d 767 (9th Cir.),
cert. denied, 119 S. Ct. 377 (1998). Stockdale raised the
analogous problem of whether resentencing based on an Amendment as
to marijuana weight equivalencies also permitted the court to
consider a statutory change to sentencing law, the safety valve
provision in 18 U.S.C. 3553(f), which was, by statute, made not
retroactive. See id. at 1067-68; cf. United States v. Lopez-
Pineda, 55 F.3d 693, 697 n.3 (1st Cir. 1995) (noting that a
guideline amendment that is not listed in U.S.S.G. 1B1.10(c) may
not be applied retroactively). Stockdale held that there was no
error in the district court's refusal to consider a safety valve
reduction along with the reduction permitted under the amendment. 
See Stockdale, 129 F.3d at 1068-69. We see no meaningful
distinction between our problem and Stockdale.
Jordan makes one final argument attempting to avoid these
results. He argues that his 5K2.0 motion should be considered as
part of a "sentencing package," as this court has defined that term
in Rodriguez. Rodriguez, 112 F.3d at 29-30. The government
retorts that this case is a far cry from presenting a sentencing
package. The government also says that, in any event, even
sentencing packages (where the guidelines establish an
interdependent relationship between the sentence vacated or subject
to amendment and the sentence for the remaining convictions) are
subject to a per se prohibition on reconsideration. We agree only
with the government's contention that this is not a sentencing
package case. As to the government's second argument, we think the
analysis is much more difficult.
This case does not raise issues of the authority of the
sentencing court under 18 U.S.C. 3582(c)(2) where there is a
sentencing package, where two or more amendments are retroactive,
or where the question is whether a district court's earlier
decision to grant a downward departure is binding at the
resentencing. As these examples show, sometimes defendants will
make arguments in these areas, and sometimes the government will. 
Flexibility can work both ways. We decline the government's urging
that we broadly adopt a per se prohibition, and we do not reach any 
of the problems raised by these examples.
Affirmed.