**UNITED STATES of America, Plaintiff,**

v.

**Martin Templeton STOCKDALE, Defendant.**

**Nos. CR 91–255–FR, CV 98–1586–FR.**

United States District Court, D. Oregon.

March 5, 1999.

Kristine Olson, United States Attorney, Johnathan S. Haub, Assistant United States Attorney, Portland, OR, for plaintiff.

Martin Templeton Stockdale, Sheridan, OR, pro se.

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are the petition of the defendant, Martin Templeton Stockdale, for habeas corpus relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (# 170) and Stockdale's motion for the appointment of counsel (# 174).

## BACKGROUND

A search warrant was executed at a marijuana growing farm in Estacada, Oregon on January 19, 1990. As a result of that investigation, on February 14, 1992, Martin Templeton Stockdale plead guilty in the United States District Court for the District of Oregon to the following four crimes: (1) knowingly possessing marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) knowingly distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) knowingly manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (4) conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 841. He also plead guilty to the crime of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

On June 1, 1992, Stockdale was sentenced in the United States District Court for the District of Oregon, CR No. 91–255–FR, to 121 months imprisonment.

On May 17, 1993, Stockdale's conviction was affirmed on appeal to the United States Court of Appeals for the Ninth Circuit. *United States v. Stockdale,* 993 F.2d 886 (9th Cir.1993).

On March 10, 1996, Stockdale filed a motion (# 157) to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c) arguing that the Sentencing Commission ·had altered the sentencing guidelines regarding marijuana plant equivalency. On May 24, 1996, this court issued an Opinion and Order granting Stockdale's motion and reducing his sentence to 120 months imprisonment (# 162). An amended judgment reflecting the court's order was entered on June 14, 1996 (# 163). On November 11, 1997 the amended judgment was affirmed on appeal to the United States Court of Appeals for the Ninth Circuit. *United States v. Stockdale,* 129 F.3d 1066 (9th Cir.1997), as amended on April 20, 1998, by *United States v. Stockdale,* 139 F.3d 767 (9th Cir. 1998), *cert. denied, Stockdale v. United States,* —— U.S. ——, 119 S.Ct. 377, 142 L.Ed.2d 312 (1998).

On December 15, 1998, Stockdale filed a petition under 28 U.S.C. § 2255 for a writ of habeas corpus (# 170) on the grounds that his conviction was obtained because of the ineffective assistance of his counsel.

On February 8, 1998, Stockdale filed a motion for the appointment of counsel (# 174).

1. *Motion for the Appointment of Counsel*

■ Stockdale filed his motion for the appointment of counsel five days after he filed his *pro se* reply to the government's response to his motion for habeas corpus relief. 18 U.S.C. § 3006A(2) states that, when seeking relief under section 2255, legal representation may be provided for any financially eligible person when the interest of justice so requires. After a careful review of Stockdale's motion for habeas corpus relief and his subsequent memorandum, as well as the memorandum provided by the government, this court concludes that Stockdale's arguments in support of his motion for habeas corpus relief are not well taken; therefore, the motion for the appointment of counsel is

denied because the interest of justice does not require that counsel be provided.

## 2. *Motion for Habeas Corpus Relief*

### A. *Applicable Law*

■ 28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the:

motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.

*United States v. Taylor,* 648 F.2d 565, 573 (9th Cir.1981), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981) (internal quotations, citations and footnote omitted).

■ A defendant alleging the ineffective assistance of counsel must show (1) that counsel's performance was deficient, and (2) that this prejudiced his defense, i.e, that counsel's errors were so serious as to deprive the defendant of a fair trial, that is, a trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). For errors that were committed during the guilt phase, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052. A "reasonable probability" is less than a preponderance of the evidence. *See Kyles v. Whitley,* 514 U.S. 419, 434–35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

■ There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance or what "might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. *Id.* at 689–90, 104 S.Ct. 2052. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 690, 104 S.Ct. 2052.

### B. *Analysis*

■ Stockdale contends that his counsel was ineffective because he did not cite U.S.S.G. § 3B1.4[1] to the sentencing court or the court of appeals to demonstrate that a managerial role must be based on the relative conduct of the co-defendants, rather than on the conduct of an individual defendant. Stockdale contends that Arvord Belden was the organizer and leader of the criminal enterprise. *See* Exhibit A to Petitioner's Reply. The facts stated in the presentence report show Stockdale's role as a manger or supervisor: several co-conspirators state that Stockdale provided specialized information to the criminal group; that proceeds were divided equally

---

**1.** Because this section is irrelevant, discussing using a minor to commit a crime, the court will assume that Stockdale is focusing on

U.S.S.G. § 3B1.1(b), which discusses the role of a manager or supervisor in criminal activity.

among him and three other persons; that he was involved from the beginning; and that the organizer and leader "relied heavily" on his expertise. *Id.* Stockdale has failed to demonstrate the ineffective assistance of counsel. His motion for habeas corpus relief on this issue is denied.

Stockdale's contention that his counsel failed to use new evidence at the time of the appeal is not supported by any credible or sufficient evidence. His motion for habeas corpus relief on this issue is denied.

■ Stockdale was not present when the sentencing was adjusted in a proceeding based on 18 U.S.C. § 3582(c). His presence was not required, and his absence did not violate the Due Process Clause of the United States Constitution. *See United States v. Torres,* 99 F.3d 360, 362 (10th Cir.1996), *cert. denied,* 520 U.S. 1129, 117 S.Ct. 1273, 137 L.Ed.2d 350 (1997) (holding a reduction of sentence in a section 3582 proceeding is a "different animal" from resentencing after vacating an original sentence per instructions from the court of appeal); *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997) (holding that a section 3582 proceeding is not a *de novo* proceeding). Stockdale's motion for habeas corpus relief on this issue is not well taken.

Stockdale also contends that the court erred because he received a statutory sentence outside the federal sentencing guidelines. The 120–month sentence that Stockdale received after his sentence was adjusted was affirmed on appeal. *United States v. Stockdale,* 129 F.3d 1066, 1067 (9th Cir.1997), *as amended United States v. Stockdale,* 139 F.3d 767 (9th Cir.1998), *cert. denied, Stockdale v. United States,* —— U.S. ——, 119 S.Ct. 377, 142 L.Ed.2d 312 (1998). Stockdale's motion for habeas corpus relief on this issue is denied.

## CONCLUSION

The petition of Martin Templeton Stockdale under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (# 170) and his motion for the appointment of counsel (# 174) are DENIED.

## JUDGMENT

Based on the record,

IT IS ORDERED AND ADJUDGED that this action is dismissed.