**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30139 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00107-WFN-11 |
| v. | |
| FELIX RUBEN RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted May 16, 2019[**]
Seattle, Washington

Before:  O'SCANNLAIN and FRIEDLAND, Circuit Judges, and PAULEY,[***] District Judge.

Felix Ruben Rodriguez appeals the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

28 U.S.C. § 1291, and we affirm.

We review de novo the district court's determination whether it had authority to resentence the defendant pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000). We review the district court's denial of the motion for a reduced sentence under § 3582(c)(2) for abuse of discretion. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009).

Rodriguez pleaded guilty in 2012 to conspiracy to distribute methamphetamine and cocaine in violation of the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. In 2013, the district court sentenced him principally to a mandatory minimum term of 120 months' imprisonment. While he frames his motion as one for a sentence reduction under § 3582(c)(2), Rodriguez in essence seeks retroactive safety valve consideration pursuant to 18 U.S.C. § 3553(f).

"[T]o invoke the district court's authority to modify his sentence under § 3582(c)(2), [a defendant] must demonstrate that he was sentenced pursuant to a 'sentencing range that has subsequently been lowered.'" *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (quoting 18 U.S.C. § 3582(c)(2)). However, "[a] retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011). And "[i]f a defendant was not originally sentenced 'based on a

2

sentencing range,' he is not eligible for a sentence modification under Section 3582(c)(2)." *United States v. Buenrostro*, 895 F.3d 1160, 1164 (9th Cir. 2018) (quoting *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam)).

First, we reject Rodriguez's argument that Amendment 782 entitles him to a sentence reduction. Rodriguez received a sentence of 120 months' imprisonment pursuant to a statutory mandatory minimum. *See* 21 U.S.C. § 841(b). A district court cannot modify a sentence under § 3582(c)(2) where "the mandatory minimum, [and] not the Sentencing Guidelines range, [provided] . . . the starting point for determining [the defendant's] sentence." *United States v. Jackson*, 577 F.3d 1032, 1035 (9th Cir. 2009). Accordingly, the district court properly concluded that it lacked the authority to resentence Rodriguez. *See Paulk*, 569 F.3d at 1095.

Second, Rodriguez may not sidestep the mandatory minimum by arguing that he now qualifies for safety valve relief following the vacatur of a prior state conviction. On its face, § 3582(c)(2) does not contemplate retroactive application of the safety valve. Moreover, both the plain language of 18 U.S.C. § 3553(f) and longstanding precedent dictate that safety valve eligibility is determined at the time of sentencing and is not available retroactively. *See United States v. Stockdale*, 129 F.3d 1066, 1068 (9th Cir. 1997). Here, vacatur of Rodriguez's state court conviction did not occur until 2017—four years after his sentencing in this case

3

and 14 years after the state court sentencing. Nor does modification of a sentence under § 3582(c)(2) "amount to a new sentencing for purposes of the safety valve statute." *Stockdale*, 129 F.3d at 1068. And in any event, "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met." *United States v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016).

For these reasons, the district court did not abuse its discretion in denying Rodriguez's § 3582(c)(2) motion.

**AFFIRMED.**