54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. HUGHES, Defendant-Appellant.
 No. 93-6481.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This federal prisoner, represented by counsel, appeals a district court judgment finding him guilty of using a firearm during and in relation to a drug trafficking offense. The parties have affirmatively waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In August of 1993, a jury found Daniel J. Hughes guilty of knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Hughes to 60 months of imprisonment and two years of supervised release.
 
 
 4
 In his timely appeal, Hughes challenges his conviction on the basis of the sufficiency of the evidence. Hughes also challenges his sentence by arguing that the application of the mandatory sentencing provision of 18 U.S.C. Sec. 924(c) was unwarranted and unduly harsh.
 
 
 5
 Hughes asserts that the conviction is not supported by the evidence. The court reviews the evidence, and all reasonable inferences from the evidence, in a light most favorable to the government. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982). The evidence is sufficient to support a conviction if any rational finder of fact would accept the evidence as establishing each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 6
 Upon review, we conclude that the evidence established each essential element of the crime. In order to support a conviction under 18 U.S.C. Sec. 924(c), the government must prove beyond a reasonable doubt that: 1) the defendant carried or used a firearm; 2) the defendant had knowledge that what he was carrying or using was a firearm; and 3) the defendant carried or used a firearm during and in relation to the commission of a drug trafficking offense. This court construes the terms "use" and "carry" broadly. Firearms are used or carried in relation to a drug trafficking crime so long as it reasonably appears that the weapon was in a defendant's actual or constructive possession and was used to protect the drugs or facilitate the transaction. See United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989); United States v. Henry, 878 F.2d 937, 942 (6th Cir. 1989). The "carrying" requirement does not require actual possession and the "use" requirement does not necessitate the display or brandishment of the weapon. The carrying and use elements are satisfied if a defendant knowingly has the power and the intention at a given time to exercise dominion and control over a firearm, either directly or through others. United States v. Clemis, 11 F.3d 597, 601 (6th Cir. 1993) (citing United States v. Moreno, 933 F.2d 362, 373 (6th Cir.), cert. denied, 112 S. Ct. 265 (1991)), cert. denied, 114 S. Ct. 1858 (1994). Constructive possession exists when a person has dominion over the area where the firearm is located. See United States v. Snyder, 913 F.2d 300, 304 (6th Cir. 1990), cert. denied, 498 U.S. 1039 (1991).
 
 
 7
 The evidence established that Hughes drove his car to an arranged location to buy marijuana. A pistol was hidden under the car's front seat armrest. Upon his arrest, Hughes was "Mirandized" and he admitted that he brought the weapon for his protection and so that he would not be "ripped off." Thus, the jury could rationally infer from all the evidence that the purpose of the pistol hidden under the car's front seat armrest was to protect the drugs or facilitate a drug transaction.
 
 
 8
 Hughes's second contention is that this case should be remanded for resentencing to allow the district court to exercise its discretion in imposing a sentence. In short, Hughes wants his case remanded so the district court can lower his sentence. He cites no authority for his contention. Hughes does not challenge the legality of his sentence. Instead, Hughes notes that when he was sentenced, the district court opined that a 60 month sentence was harsh under the circumstances of this case, and that it would have imposed a two or three year sentence if it had the discretion. Hughes argues that the recent enactment of 18 U.S.C. Sec. 3553(f) and Sec.5C1.2 of the Sentencing Guidelines would now give the district court discretion in departing from a mandatory minimum sentence and that the circumstances of this case call for a departure from the mandatory minimum sentence required by 18 U.S.C. Sec. 924(c).
 
 
 9
 Hughes's argument is meritless. The enactment of 18 U.S.C. Sec. 3553(f) and the promulgation of USSG Sec. 5C1.2 were not made retroactive, see USSG Sec. 5C1.2, comment. (backg'd.), and Hughes was sentenced approximately eleven months before the statute's effective date. Thus, the district court is not now empowered to revisit Hughes's case and depart from the mandatory minimum sentence called for by a conviction under 18 U.S.C. Sec. 924(c). In addition, Sec. 3553(f) and USSG Sec. 5C1.2 do not apply to violations of 18 U.S.C. Sec. 924(c). A plain reading of USSG Sec. 5C1.2 reveals that it is limited to offenses under 21 U.S.C. Secs. 841, 844, 846, 960 and 963. Thus, neither the statute nor the guideline cited by Hughes permits a departure from the mandatory minimum sentence called for by 18 U.S.C. Sec. 924(c).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation