_____

No. 96-1052
_____

John Paul Warhol,                      *
                                       *
          Appellant,                   *
                                       *   Appeal from the United States
     v.                                *   District Court for the
                                       *   District of Minnesota.
United States of America,              *
                                       *      **[UNPUBLISHED]**
          Appellee.                    *


_____

          Submitted:  July 5, 1996

             Filed:  July 22, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     John Paul Warhol appeals from the district court's[1] order denying his
18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  We affirm.


     Warhol pleaded guilty to possessing marijuana plants with intent to
distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  In June
1994, the district court[2] found that Warhol's offense involved 132
marijuana plants, and imposed the five-year statutory mandatory minimum
sentence of imprisonment required by 21

_____

     [1]The HONORABLE DAVID S. DOTY, United States District Judge for
the District of Minnesota.

     [2]The HONORABLE DIANA E. MURPHY, then Chief Judge, United
States District Court for the District of Minnesota, now United
States Circuit Judge.

U.S.C. § 841(b)(1)(B)(vii) (five-year minimum sentence applies to any person convicted of possessing with intent to distribute "100 kilograms or more of . . . marijuana, or 100 or more marijuana plants regardless of weight"). We affirmed Warhol's conviction and sentence on direct appeal. United States v. Warhol, No. 94-2670, 1994 WL 706525 (8th Cir. Dec. 21, 1994) (unpublished per curiam).

Warhol later filed this section 3582(c)(2) motion to modify his term of imprisonment, based on a November 1995 retroactive amendment to U.S.S.G. § 2D1.1 establishing a presumptive weight for a marijuana plant of 100 grams unless the plant's actual weight is greater. Warhol maintained that the district court should resentence him without regard to the statutory minimum sentence, pursuant to the also recently-enacted "safety-valve" provision of 18 U.S.C. § 3553(f) (requiring imposition of Guidelines sentence without regard to any statutory minimum sentence if defendant meets series of conditions concerning criminal history, role in offense, circumstances of offense, and providing information about relevant conduct).

We agree with the district court that Warhol is not eligible for a reduction in sentence under section 3582(c)(2):  his sentence was "based on" the five-year statutory minimum sentence and not the subsequently-amended Guidelines range. See 18 U.S.C. § 3582(c)(2) (allowing district court to reduce defendant's prison term if defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). We also agree with the district court that section 3553(f) does not provide an independent basis for reducing Warhol's sentence, because section 3553(f) and its Guidelines counterpart, U.S.S.G. § 5C1.2, are not retroactive. See 18 U.S.C. § 3553(f) (applying to sentences imposed after September 23, 1994); United States v. Lopez-Pineda, 55 F.3d 693, 697 n.3 (1st Cir.) (stating § 5C1.2 is not retroactive), cert. denied, 116 S. Ct. 259 (1995).

Accordingly, we affirm.

A true copy.

Attest:

     CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.