**Joseph SETTEMBRINO, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 92–6061–CR.

United States District Court, S.D. Florida.

Dec. 28, 2000.

512

D. Fredrico Fazio, Fazio Dawson Disalvo Cannon, Levine Abers & Podrecca, Fort Lauderdale, FL, for Joseph Settembrino.

Scott Behnke, United States Attorney's Office, Fort Lauderdale, FL, for U.S.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon Movant's *pro se* "Motion for

Re–Sentencing." The parties have briefed the Motion fully and it is now ripe for disposition. For the reasons stated below, the Motion is **GRANTED.**

## I. *Background*

On January 8, 1993, Movant Joseph Settembrino plead guilty to conspiracy to possess with intent to distribute Lysergic Acid Diethylamide (LSD) in violation of 21 U.S.C. § 846. Settembrino was found responsible for 2000 dosage units of LSD, which equaled 31.453 grams. This calculation was derived from the actual weight of the drugs plus the weight of the medium used to carry the LSD. *See Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *U.S. Sentencing Guidelines Manual,* Ch.2, Pt.D, Table Commentary, at 86 (1992).

Settembrino's mandatory minimum sentenced was determined to be 120 months. Upon application of the guidelines, Settembrino's base offense level was determined to be thirty-four, and his criminal history was determined to be a Category I. Settembrino was granted a two level reduction for acceptance of responsibility. His guideline range was therefore determined to be 121 to 151 months of imprisonment. Based on these findings, Settembrino was sentenced to a term of imprisonment of 121 months followed by supervised release period of five years. Even at that time, this Court found such a harsh sentence troublesome, especially for a eighteen year-old first time offender. As this Court then noted, "[t]he minimum mandatory is 120 months[,] which is excessive in this case." *See Judgement in a Criminal Case, Statement of Reasons,* January 8, 1993.

Settembrino filed a Motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2).[1] This Court then issued an order to respond to the United States, followed by an order to the United States to show cause. The United States then responded, and Settembrino replied.

## II. *Discussion*

Settembrino argues that he should be resentenced to 120 months imprisonment under 18 U.S.C. § 3582(c)(2) and the current Sentencing Guidelines. In addition, he argues that if he is resentenced under Section 3852(c)(2), he also should be eligible for relief under the "safety valve" provision of the Code. *See* 18 U.S.C. § 3553(f). The Government agrees that Settembrino's sentence should be reduced by one month, but argues that Settembrino is not eligible for the safety valve provision. This Court agrees with Settembrino.

### A. *Resentencing*

■ The first issue for this Court is whether Settembrino is eligible for resentencing under 18 U.S.C § 3582(c)(2) and the current Sentencing Guidelines. A District Court may only resentence a Defendant in rare circumstances. One such circumstance is provided by 18 U.S.C. § 3582(c)(2). Under Section 3582(c)(2) this court "has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir.2000).

■ Settembrino originally was held responsible for the actual weight of the drugs plus the weight of the medium used to carry the LSD. Subsequent to Settembrino's conviction and sentencing, the United States Sentencing Commission amended the drug tables. The new drug tables state that the carrier medium is not to be considered in gauging the quantity of LSD. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c), n.H (2000) (hereinafter Amendment 488). Settembrino quali-

---

1. On March 7, 2000 Defendant filed this motion. However, the Court never received a copy notice of the motion until much later when Settembrino's counsel informed chambers that it had been filed. The orders to respond and to show cause were then issued.

fies for this amendment because it applies retroactively. *See United States v. Marshall*, 83 F.3d 866, 867 (7th Cir.1996).

To determine whether this change will allow this Court to modify Settembrino's term of imprisonment, Section 3582(c)(2) and the Sentencing Guidelines require this Court to make two determinations. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998). "First, th[is] court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." *Id.*

Settembrino originally was held responsible for 31.453 grams of LSD. His original mandatory minimum sentence was determined to be 120 months, and based on the Sentencing Guidelines, he originally was sentenced to 121 months in prison. However, Amendment 488 establishes a standard weight per dose for LSD of 0.4 milligrams. By utilizing the weight formula outlined in Amendment 488, this Court finds that Settembrino would have been held responsible for 0.8 grams of LSD (2000 dosage units × 0.4 milligrams = 0.8 grams). Accordingly, Settembrino's new base offense level should be twenty-four, less two for his acceptance of responsibility. *See U.S. Sentencing Guidelines Manual*, § 2D1.1(c) (2000). Because his criminal history stays the same,[2] his guideline range is therefore 41 to 51 months.

However, under Amendment 488 Settembrino cannot be resentenced to this new guideline range because he still is subject to a mandatory minimum sentence of 120 months. While the Guideline calculation is affected by Amendment 488, the Eleventh Circuit long has held that the statutory mandatory minimum calculation is governed by the rule enunciated by the Supreme Court in *Chapman v. United States. See United States v. Pope*, 58 F.3d 1567, 1570 (11th Cir.1995); *see also Neal v. U.S.*, 516 U.S. 284, 116 S.Ct. 763, 133

L.Ed.2d 709 (1996); *U.S. Sentencing Guidelines Manual*, App. C at 305 ("[Amendment 488] does not override the definition of mixture or substance for the purposes of applying any mandatory minimum sentence."). Therefore, this Court holds that Settembrino would have been sentenced to a term of 120 months under the amended guidelines.

■    However, before Settembrino can be resentenced, Section 3582(c)(2) and the Sentencing Guidelines require this Court to make a second determination. *See Vautier*, 144 F.3d at 760. This court must also "consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id.* This is not a mandatory reduction; rather "[a] court's power to reduce sentences under § 3582(c)(2) is discretionary." *See United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.1997).

This Court has considered the factors presented in 18 U.S.C. § 3553(a), the policy statements issued by the Sentencing Commission, the Movant's motions, the Government's November 30 Response in Opposition, and the record. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir.1997). Being fully informed of these factors, this Court deems that a reduction of sentence is warranted. Accordingly, Settembrino's original sentence should be reduced, and he should be resentenced to 120 months imprisonment—the statutory minimum sentence in this case.

### B.    Safety Valve Provision

Settembrino qualifies for a Section 3582(c)(2) resentencing. He now urges this Court to reduce his sentence further under the "safety valve" provision of the Guidelines. *See U.S. Sentencing Guidelines Manual* § 5C1.2 (2000); 18 U.S.C. § 3553(f). The safety valve provision "permits a district court to sentence below

---

**2.** *See Vautier*, 144 F.3d at 760. ("In undertaking this ... step only the amended guideline is changed. All other guidelines applicable decisions made during the original sentencing remains intact.")

the otherwise applicable statutory mandatory minimum sentence for certain drug offenses if five criteria are established."[3] *See United States v. Pelaez,* 196 F.3d 1203, 1204 (11th Cir.1999).

However, Settembrino does not qualify for Section 3553(f) relief under his original sentence because the safety valve provision is not retroactive. *See id.* at 1205 (citing *Violent Crime Control and Law Enforcement Act of 1994,* Pub.L. No. 103–322, § 80001(c) 108 Stat. 1796, 1985–86) ("The safety valve's enacting statute provides that it 'shall apply to all sentences imposed on or after' September 23, 1994."). Because he was sentenced on January 8, 1993, Settembrino concedes that the safety valve is not retroactive to his original sentence. Instead, Settembrino argues that his resentencing under Section 3582(c)(2) triggers the application of Section 3553(f). This Court agrees.

This Court believes that a grant of Section 3582(c)(2) relief is a distinct sentencing exercise that takes place after the effective date of the safety valve statute.[4] While it is true that the Eleventh Circuit already has held that a Section 3582(c)(2) rehearing is not a "full de novo resentencing," *see Cothran,* 106 F.3d at 1562, it is an open question of "whether the safety valve statute, 18 U.S.C. § 3553(f), should be applied at a limited Section 3582(c)(2) rehearing." *United States v. Bravo.* 203 F.3d 778, 781 (11th Cir.2000).

Nothing in the language of the statute would prevent such an application. Indeed, the safety valve statute itself states that it applies "*to all sentences* imposed on or after the date of enactment, September 23, 1994." *Violent Crime Control and Law Enforcement Act of 1994,* Pub.L. No. 103–322, § 80001(c) 108 Stat. 1796, 1985–86 (emphasis added). The plain meaning of this language is clear. It applies to *all* sentences. As the Sixth Circuit has stated, there is nothing in the plain language of the statute or statutory history that "limits its application to initial sentencing or precludes its application when a modified sentence is imposed." *United States v. Reynolds,* 111 F.3d 132 (6th Cir.1997) (table), *available in* 1997 WL 152032.

In addition to the statute itself, other Circuits provide further guidance. For example, in *United States v. Mihm,* the Eighth Circuit was faced with an analogous situation. 134 F.3d 1353 (8th Cir. 1998). In that case, Defendant Mihm was sentenced under a Guidelines formula that equated a marijuana plant to one kilogram

---

**3.** The five criterion are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)-(5)

**4.** Moreover, this court believes that there is a second rational that supports a ruling for Settembrino. Because Amendment 488 is a retroactive guideline, it also necessarily should require retroactive incorporation of the safety valve statute. Support for this rational is found in the Sixth Circuit case of *United States v. Gainous,* 134 F.3d 372 (6th Cir.) (table), *available in* 1997 WL 809977. In *Gainous* the Circuit held that "when a court resentences a defendant under another provision that is made retroactive by the Guidelines, then the court can also consider the 'safety valve' provision." *Id.*

of marijuana. Mihm's Guideline range was determined to be between 151 months and 188 months, and his statutory mandatory minimum sentence was determined to be 120 months. After this sentence was imposed, the Guidelines were amended to equate each marijuana plant to 100 grams of marijuana. This Guideline amendment was retroactive. Mihm moved for a resentencing under Section 3582(c)(2). Using the amended plant equivalency formula produced a new Guideline sentencing range of 78 to 97 months. However, the trial court resentenced Mihm to the statutory minimum sentence of 120 months and refused to apply the safety valve provision.

The Eighth Circuit reversed and held that "the grant of § 3582(c)(2) relief ... is a distinct sentencing exercise, one that results in a sentence 'imposed on or after' September 23, 1994." *Id.* at 1355. It came to this conclusion after analyzing the determinations that are necessary to grant a 3582(c)(2) motion. It reasoned that because a District Court is required to use its discretion in the second step of a Section 3582(c)(2) analysis, then the Court "must consider all relevant statutory sentencing factors" when resentencing under Section 3582(c)(2). *Id.* Accordingly, the Circuit held that the safety valve provision is a "sentencing consideration that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2)." *Id.*

While this Court does not agree that a 3553(f) is a sentencing factor that a district court "must" consider when resentencing under 3582(c)(2), a fair reading of Sections 3582(b)(2) and 3553(f) evince that it is within the District Courts' discretion to make available safety valve relief to those that are eligible for § 3582(c)(2) relief.

The only Circuit that has disagreed with this conclusion is the Ninth Circuit. In *United States v. Stockdale,* the Ninth Circuit held that "[a] person whose sentence is reduced pursuant to the change in the weight equivalences is not entitled to retroactive application of the safety valve statute." 129 F.3d 1066, 1068. In reaching this decision the Circuit relied heavily on inferences that it gleaned from Sections 3582(c)(2) and 3553(f).[5]

■ However, not only are these inferences "from grammar ... a bit thin," *Stockdale,* 129 F.3d at 1069, but they are no more than a guess as to what Congress intended.[6] This Court cannot agree with the Ninth Circuit's reasoning because such a holding violates the Rule of Lenity. *See United States v. Lazo–Ortiz,* 136 F.3d 1282, 1286 (11th Cir.1998). The Supreme Court's opinion in *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), states the Rule: "[The Rule of Lenity] means that the Court will not interpret a federal criminal statute so as to

---

**5.** The Ninth Circuit also based its decision on another concern. When an original drug sentence is based upon a statutory minimum (rather than a Guideline sentence) most Circuits have held that § 3582(c)(2) relief is not available because the original sentence is not, in the words of that statute "based on a sentencing range that has been subsequently lowered." *See, e.g., United States v. Valdes,* 187 F.3d 624 (table) 1999 WL 529505 (1st Cir.1999); *United States v. Hughes,* 54 F.3d 777 (table), 1995 WL 296309 (6th Cir.1995); *Warhol v. U.S.,* 92 F.3d 1190 (table), 1996 WL 406134 (8th Cir.1996); *United States v. Mullanix,* 99 F.3d 323 (9th Cir.1996) *United States v. Torres,* 99 F.3d 360 (10th Cir.1996). Therefore people who were sentenced under the Guidelines would receive the benefits of Section 3553(f) and those who were sen-

tenced under a statutory minimum would not. Because of this disparity in sentencing the Ninth Circuit opined that:

> It makes no sense to impute a purpose to Congress to allow escape from the statutory minimum only to the criminal who grew five times as much marijuana [but] not the smaller-scale grower.

*Stockdale,* 129 F.3d at 1069.

This court does not feel that this is persuasive. As the Eighth Circuit noted, such a conclusion ignores the Rule of Lenity. *See Mihm,* 134 F.3d at 1355.

**6.** "[T]here is no legislative history which illuminates the interpretation of this section." *United States v. Buffington,* 879 F.Supp. 1220, 1222 (N.D.Ga.1995).

increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." This Court believes that the Ninth Circuit's result (while theoretically logical) is "no more than a guess" as to what Congress intended. Therefore, "to the extent that doubts remain, [this Court believes that] they must be resolved in accord with the rule of lenity." *Bifulco v. United States,* 447 U.S. 381, 400, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

Thus, this Court adopts the reasoning of the Eighth and Sixth Circuits. This Court holds that when faced with a Section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety valve relief of Section 3553(f).

Having determined that Settembrino is eligible for Section 3553(f) relief, the final question that must be answered is: Does Settemorino meet the requirements for Section 3553(f) relief? This Court has reviewed the factors presented in 18 U.S.C. § 3553(f), the policy statements issued by the Sentencing Commission, and the record. The Court concludes that Settembrino may meet all of the factors presented in Section 3353(f) and therefore may qualify to be sentenced below his statutory minimum sentence of 120 months.

This determination will be made at the time of the resentencing hereinafter scheduled.

### III. *Conclusion*

Accordingly, having reviewed the Motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Defendant, Joseph Settembrino's "Motion for Re-sentencing," is **GRANTED**.

It is further **ORDERED AND ADJUDGED** that the Defendant's sentence shall be modified at a Resentencing Hearing which will be held on Friday, January 19, 2001 at 9:30 a.m. at the United States District Courthouse, Courtroom C, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.